No. 19-2460

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DESHEILA C. HOWLETT

Plaintiff-Appellee,

v.

CITY OF WARREN, LT. LAWRENCE GARNER,
SHAWN JOHNSON and ANWAR KHAN,

Defendants-Appellants.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Terrence G. Berg

**PLAINTIFF-APPELLEE DESHEILA C. HOWLETT'S
<u>MOTION TO DISMISS APPEAL</u>**

|                                         |                                          |
|-----------------------------------------|------------------------------------------|
| Mungo & Mungo at Law, PLLC              | Cummings McClorey Davis & Acho PLC       |
| Leonard Mungo (P43562)                  | Ronald Acho (P23913)                     |
| Attorneys for Appellee                  | James Acho (P62175)                      |
| 31700 Telegraph Road, Suite 250         | Attorneys for Appellants                 |
| Bingham Farms, Michigan 48025           | 17436 College Pkwy                       |
| (248) 792-7557 (Telephone)              | Livonia, Michigan 48152                  |
| (248) 792-7557 (Facsimile)              | (734) 261-2400 (Telephone)               |
| caseaction@mungoatlaw.com               | (734) 261-4510 (Facsimile)               |
|                                         | racho@cmda-law.com                       |
|                                         | jacho@cmda-law.com                       |

City of Warren, City Attorney
Ethan Vinson (P26608)
Co-Counsel for Appellants
1 City Square, Suite 400
Warren, MI 48093-5390
(586) 574-4671 (Telephone)
(586) 574-4530 (Facsimile))
evinson@cityofwarren.org

_____/

Plaintiff-Appellee DeSheila C. Howlett ("Appellee") through her attorneys, Mungo & Mungo at Law, PLLC, moves this Court to Dismiss Defendants/Appellants, City of Warren ("City"), Lt. Lawrence Garner ("Garner"), Shawn Johnson ("Johnson") and Anwar Khan's ("Khan") (collectively "Appellants") Appeal for lack of jurisdiction pursuant to Fed. R. App. P. 27 and 6 Cir. R. 27(d).

## I. THIS COURT LACKS JURISDICTION TO HEAR APPELLANTS' APPEAL

Appellee, an African-American female, brought this action against Appellants alleging, among other things, (1) violations of Title VII of the Civil Rights act of

1964, as amended, (2) violations of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 and (3) violations of 42 U.S.C. § 1983 (*Monell* liability as to the City). (First Amended Complaint – R. 4). Appellee's claims are based on Appellants' unlawful discriminatory employment practices including but not limited to creating and maintaining a hostile work environment based on race and/or gender. (First Amended Complaint – R. 4).

Appellee, the first African American police officer in the history of the City, joined the City of Warren Police Department ("WPD") in 2006. (Reply Brief – R. 76 Page ID 8499). During her eleven-years of employment with the WPD, she was the only African American police officer. (Motion for Summary Judgment R. 70 Page ID 6926).

Appellee's Fourteenth Amendment Equal Protection claim is based on Appellants' discriminatory conduct including the conduct of Johnson, Khan and Garner including but not limited to the following:

- Johnson's racial harassment of Appellee over three months in 2015 resulting in charges of discrimination against Johnson which were sustained by the City. (Response to Motion for Summary Judgment – R. 70 Page ID 6918).

- Khan making an unwarranted traffic stop of Appellee while she was in route to investigate a report of criminal sexual conduct at a high school. Khan attempted to file a complaint against Appellee; and appeared upset when his sergeant refused to file a complaint against Appellee;

3

(Response to Motion for Summary Judgment – R. 70 Page ID 6908-6909) and

- Garner moving Appellee back into an office with Johnson, over her objection, after charges of discrimination against Johnson were sustained which resulted in his continued harassment of Appellee. (Response to Motion for Summary Judgment – R. 70 Page ID 6910 and R. 70-2 Page ID 6988).

On September 16, 2019, the District Court granted in part and denied in part Appellants' Motion for Summary Judgment. ("9-16-19 Order") (9-16-19 Order - ECF No. 98 Page ID.10172-10240). On September 30, 2019, Appellants filed a Motion for Reconsideration arguing that the Court should reconsider its denial of their motion for summary judgment as to Appellee's Title VII claim because of palpable defects in the 9-16-19 Order. (Motion for Reconsideration – ECF No. 100 Page ID 10245 – 10261). The alleged "defects" in the 9-16-19 Order Appellants raised were the following:

1. The 9-16-19 Order did not address United States Supreme Court precedent requiring notice to employers, and

2. Appellee failed to make the requisite showing that the alleged discrimination was severe and pervasive enough to sufficiently affect her conditions of employment. (Motion for Reconsideration – R. 100 Page ID 10245-10261).

Appellants never raised or even mentioned qualified immunity in their Motion for Reconsideration yet their Notice of Appeal states that they are appealing from the 12-16-19 Order denying their Motion for Reconsideration, and the underlying

4

order denying, in part, their Defendants' Motion for Summary Judgment on the grounds of immunity. (Notice of Appeal –R. 110 Page ID 10620-10621).

28 U.S.C. § 1291 provides courts of appeal jurisdiction of appeals from final decisions. A denial of summary judgment is not a final decision and is generally not appealable. However, there is an exception for denials of qualified immunity which may be treated as a final order under § 1291. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

Appellants did not argue or raise immunity in their Motion for Reconsideration; therefore, the District Court did not address or reconsider this issue in its 12-16-19 Order denying Appellants' Motion for Reconsideration. Since immunity was not an issue for reconsideration and there are no other bases for an interlocutory appeal, this Court lacks jurisdiction to review the District Court's 12-16-19 Order Denying Motion for Reconsideration.

Relevant to this Motion is the denial of summary judgment as to Appellee's Fourteenth Amendment Equal Protection claims against Appellants, Johnson, Garner and Khan. (9-16-19 Order – ECF No. 98 Page ID. 10225). This Court has recognized that "[t]he denial of qualified immunity in a § 1983 case is a final, immediately appealable decision under the collateral order doctrine only to the extent that the appeal presents a 'neat abstract issue[] of law'" *Kindl v. City of Berkley,* 798 F.3d 391, 398 6th Cir. 2015), *quoting Johnson v. Jones,* 515 U.S. 304,

317, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995). In *Barry v. O'Grady,* 895 F.3d 440 (6th Cir. 2018), this court noted that

> courts of appeals have jurisdiction to hear an appeal of a qualified-immunity denial only when the appeal presents a purely legal question. *See e.g. Estate of Carter v. City of Detroit,* 408 F.3d 305, 310 (6th Cir. 2005). **In other words, we cannot decide disputed factual issues at the summary-judgment state, and if the appeal from a denial of qualified immunity turns on an issue of fact, we may not exercise jurisdiction**. *Barry,* 895 F.3d at 443. (emphasis added).

Subject to these jurisdictional limitations, a denial of summary judgment based on qualified immunity is reviewed *de novo*. *Moldowan v. City of Warren,* 578 F.3d 351, 373 (6th Cir. 2009). All inferences must be drawn in favor of the non-moving party. *Modowan,* 578 F.3d at 374.

### A.   Garner

The main purpose of the Equal Protection Clause of the Fourteenth Amendment is to prevent official conduct from discriminating based on race and sex. *Washington v. Davis,* 426 U.S. 229, 239; 96 S. Ct. 2040; 48 L. Ed. 2d 597 (1976). Federal courts have long recognized the clearly established right not to be discriminated against because of race or sex. Without question, Appellee had a right to be free from discrimination by the City based on her race and/or sex. This right was clearly established when the discrimination against Appellee occurred.

Appellants argued that Garner is entitled to qualified immunity for his

6

conduct, i.e. moving Appellee back into the same office with Johnson after the City sustained a charge of racial discrimination against him which resulted in Johnson's continued harassment of Appellee. Appellants contend that Garner believed the move was beneficial for the detectives to be in the same office and that Appellee had no problem with move. (Motion for Summary Judgment – R. 66 Page ID 3698). As the District Court noted, Appellants' version of the facts conflict with Appellee's testimony.

Contrary to Appellants' contention, Appellee informed Garner of Johnson's harassment of her and expressly told him that she did not want to be placed back in an office with Johnson. (Response to Motion for Summary Judgment – ECF No. 70 Page ID 6910, Howlett Tr. - ECF No. 70-2 Page ID 6988). Any objectively reasonable officer would understand that under those circumstances, moving Appellee back into an office with Johnson would violate her rights. Garner acted with deliberate indifference to Appellee's rights which resulted in Johnson's continued harassment of Appellee.

Appellants' qualified immunity defense does not present "purely legal" issues. "Cases fitting that bill typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law"; *Ortiz v. Jordan,* 562 U.S. 180, 190, 131 S. Ct. 884, 178 L. Ed. 2d 703 (2011).

7

Here, there is no dispute regarding pre-existing law. However, there are disputed facts that are relevant to resolving the qualified immunity issue. As the District Court pointed out, if Appellee is correct and Garner moved her back into an office with Johnson after she informed him of her problems with Johnson and requested that she not be moved back into an office with him then "he arguably exhibited deliberate indifference to violation of her rights" and would not be entitled to qualified immunity. (9-16-19 Order – ECF 98 Page ID 10224). Given that the factual disputes are relevant to resolving the issue of qualified immunity, the District Court properly concluded that genuine issues of fact exist regarding whether Garner intentionally discriminated against Appellee. In short, this appeal does not present "neat abstract issues of law" but is premised on factual disputes. Therefore, this Court does not have jurisdiction to hear this appeal and it should be dismissed for lack of jurisdiction.

**B.** **Johnson**

There are disputed issues of fact relative to Johnson's conduct including but not limited to his continued harassment of Appellee after the racial discrimination charge against him was sustained. (Motion for Summary Judgment – R. 66 Page ID 3693 and 3697). The District Court noted that Appellee alleged sufficient facts showing that Johnson intentionally discriminated against her. (9-16-19 Order – Page ID 10214). Appellants contend that harassment of Appellee ceased after Johnson

8

was finally disciplined for his racial harassment of Appellee. (Motion for Summary Judgment – R. 66 Page ID 3697). This is false. (Response to Motion for Summary Judgment R. 70 Page ID. 6911 and 6920). The factual disputes regarding Johnson's conduct are relevant to determining whether Johnson is entitled to qualified immunity.

In their June 15, 2017 Answer to Appellee's First Amended Complaint, Appellants generally asserted a qualified immunity defense as to the individually named defendants. (Answer to First Amended Complaint - Doc # 7, Page ID 96). However, Appellants never argued that Johnson was entitled to qualified immunity in either their motion for summary judgment or reply brief in support of their motion. (9-20-18 Motion for Summary Judgment, ECF No. 66 Page ID 3696 – 3699). As this Court has recognized in *Estate of Quirk v. Comm'r,* 928 F.2d 751, (6th Cir. 1991), "[i]t is well-settled that, absent exceptional circumstances, a court of appeals will not consider an argument by an appellant that was not presented to or considered by the trial court". *Id.* at 757-58. Accordingly, this Court should not consider Appellants' appeal regarding immunity as to Johnson.

Likewise, an issue not adequately presented to the District Court is waived and should not be considered on appeal. In *McPherson v. Kelsey,* 125 F.3d 989 (6th Cir. 1997), this Court observed that:

> Issues adverted to in a perfunctory manner unaccompanied by some effort at developed argumentation, are deemed

9

> waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.

*McPherson,* 125 F.3d at 995-996, quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995).

In *Barany-Snyder v. Weiner,* 539 F.3d 327 (6th Cir. 2008), the defendants raised a statute of limitations defense on appeal as to the plaintiff's Fair Debt Collection Practices Act claims. This Court noted that the issue was not adequately presented to the trial court and further stated:

> While defendants asserted a general statute of limitations defense in their answer, this defense was not raised in defendants' motion for judgment on the pleadings. Defendants did raise the statute of limitations issue briefly in their reply brief below, but the district court did not address the issue – an apt decision, given that this court has noted that "[r]aising [an] issue for the first time in a reply brief [in the district court ] does not suffice" to preserve the argument for appeal. *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed. Cir. 2002)). We thus need not consider this argument. **'Issues that are not squarely presented to the trial court are considered waived and may not be raised on appeal.'** *Thurman. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1172 (6th Cir. 1996) (emphasis added).

*Barany -Snyder,* 539 F.3d at 331-32.

Here, the issue of immunity as to Johnson was not presented to the District Court in Appellants' motion for summary judgment, reply brief or motion for

reconsideration at all. Therefore, the District Court properly considered this defense abandoned as to Johnson. (9-16-19 Order – R. 98 Page ID 10214-10215).

C. **Khan**

In their motion for summary judgment, Appellants generally claim that Khan, and former defendants Taylor, Ross, Laban, Houtos, and Barnhill, are entitled to qualified immunity. (Motion for Summary Judgment – R. 66 Page ID 3699). However, Appellants never argued or referenced why Khan is entitled to qualified immunity for his discriminatory acts of (1) making an unwarranted traffic stop of Appellee while she was in route to a high school to investigate a report of criminal sexual conduct and (2) unsuccessfully attempting to file a baseless complaint against her. Again, Appellants failed to adequately present the issue of immunity as to Khan to the District Court.

Citing *McPherson, supra,* 125 F.3d at 995-96, ("Issues adverted to in a perfunctory manner unaccompanied by some effort at developed argumentation, **are deemed waived**. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on the bones"), the District Court properly declined to *sua sponte* grant summary judgment as to Khan when Appellants never argued that his conduct did not violate clearly established law. (9-16-19 Order R. 98 Page ID 10216). Additionally, the disputed facts regarding Khan's conduct referenced above are germane to resolving the qualified immunity

11

issue. In short, not only does this appeal turn on issues of fact, the issue of immunity as to Khan is waived and should not be considered by this Court.

## II. THIS APPEAL WAS EMPLOYED FOR THE SOLE PURPOSE OF DELAYING TRIAL.

Appellants' appeal is frivolous. "An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cit. 2013). Here, "the unmistakable futility" of Appellants' appeal is compelling evidence that that their appeal was filed for improper purposes, namely, to delay trial and further harass Appellee. *McDonald v. Flake,* 814 F.3d 804, 817 (6th Cir. 2016). Appellants' appeal is a fact-based challenge to this Court's ruling and not an appealable final decision under 28 U.S.C. § 1291.

In *Yates v. Cleveland,* 941 F.2d 444, 448 (6th Cir. 1991), this Court recognized that appeals based on a district court's denial of a claim of qualified immunity "can be employed for the sole purpose of delaying trial". The *Yates* court referenced the Seventh Circuit opinion in *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989) noting that "delaying trial in order to allow a defendant to appeal a denial of qualified immunity prolongs the process, often to the disadvantage of the plaintiff". *Yates,* 941 F.2d at 448. The *Yates* court further quoted from the Seventh Circuit's opinion in *Abel v. Miller,* 904 F.2d 394 (7th Cir. 1990) regarding appeals of pretrial rulings on qualified immunity:

> Unless courts of appeals are careful, appeals on the authority of *Mitchell* could ossify civil rights litigation. Defendants may defeat just claims by making suit unbearably expensive or indefinitely putting off the trial. A sequence of pretrial appeals not only delays the resolution but increases the plaintiff's costs, so that some will abandon their cases even though they may be entitled to prevail. [Citing *Apostol*.] Although it is important to protect public officials from frivolous claims and burdens of trial, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.

The frivolity of this Appeal is further evidenced by Appellant's failure to adequately present issues to the District Court that they now seek to appeal. As discussed above, Appellants waived the issues of immunity as to Johnson and Khan. Appellants did not argue or even reference immunity at all as to Johnson in either their motion for summary judgment, reply brief or motion for reconsideration. As to Khan, Appellants asserted Khan was entitled to qualified immunity, but did not indicate why he is entitled to immunity for his discriminatory conduct of making a traffic stop of Plaintiff while she was in route to investigate a report of criminal sexual conduct. Appellants' failure to develop an argument for immunity for Khan regarding his discriminatory conduct basically left the District Court to figure it out which the District Court properly declined to do.

## CONCLUSION

Appellants have no bases to file an interlocutory appeal of the District Court's denial summary judgment as to qualified immunity. Appellants waived the issue of immunity as to Johnson and Khan by failing to adequately present the issues to the District Court and preserve them for appeal. Also, the District Court's denial of qualified immunity as to Garner, Johnson and Khan does not present a "neat abstract issue of law" but turns on issues of fact that are relevant to resolution of the issue of qualified immunity. In sum, this Court lacks jurisdiction to hear this appeal and this Court should dismiss this appeal for lack of jurisdiction.

        Respectfully submitted,

        MUNGO & MUNGO AT LAW, PLLC


        /s/ Leonard Mungo
        Leonard Mungo (P43562)
        Attorney for Plaintiff
        31700 Telegraph Rd., Suite 250
        Bingham Farms, MI 48025
        (248) 792-7557/(248) 792-7303 (fax)
Date: January 17, 2019        caseaction@mungoatlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the above document with the Clerk of the Court using the courts electronic filing system, which will provide electronic copies to counsel of record.

/s/ Leonard Mungo
Leonard Mungo (P43562)
**THE MUNGO LAW FIRM, PLC**
Attorney for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557/(248) 792-7303 (fax)
caseaction@mungoatlaw.com