# 19-2460
## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### DESHEILA C. HOWLETT

Plaintiffs-Appellees,

vs.

### CITY OF WARREN, LT. LAWRENCE GARNER, SHAWN JOHNSON and ANWAR KHAN

Defendants-Appellants

**On Appeal from the United States District Court
For the Eastern District of Michigan
Southern Division**

## DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFF-APPELLEE DESHEILA HOWLETT'S MOTION TO DISMISS APPEAL

**CUMMINGS, MCCLOREY, DAVIS & ACHO
STANLEY I. OKOLI (P73722)
Attorneys for Defendants-Appellants
17436 College Parkway
Livonia, Michigan 48152
734-261-2400**

**I.      Introduction**

The Plaintiff-Appellee has lately filed a Motion to Dismiss the Defendants-Appellees' appeal, adopting the position that because the Defendants-Appellants did not rely upon qualified immunity in their Motion for Reconsideration in the lower court, this Court lacks jurisdiction to entertain the instant appeal. The Plaintiff-Appellee casually dismisses the instant appeal as frivolous, and cites prejudice upon herself without clarifying any disadvantage she might suffer if the appeal proceeds on its current trajectory. Further, Plaintiff-Appellee misstates crucial facts as well as applicable law. Because the Plaintiff-Appellee's motion lacks merit, the Defendants-Appellants' original motion for summary judgment having clearly relied upon qualified immunity and other defenses, the instant Motion is ripe for a speedy dismissal.

**II.     Summary of Facts**

Plaintiff-Appellee was hired in 2006 as the first African-American on the Defendant-Appellant City of Warren's Police Department (WPD)[1]. Defendant City

---

[1] The foregoing was due to no overt acts by Defendant City – as the Appellee seems to imply in her Brief – but rather was because of the racial demographics of the City which comprised 78.4% Caucasians, 13.5% African American, 0.4% Native American, 4.6% Asian and 0.4% from other races in the year 2010. See 2010 census home page,
 https://factfinder.census.gov/faces/nav/jsf/pages/community_facts.xhtml?src=bkmk, last accessed 1/22/2020.

had made offers of employment to African Americans before Plaintiff, and after Plaintiff left the employ of Defendant City. Plaintiff-Appellee abruptly ended her career with WPD, moved to the State of Georgia and leveled accusations contained in her Complaint against the individual Defendants,[2] most of whom were former friends of hers while she remained on the force. *See* **Dkt No. 4**, Plaintiff's Amended Complaint, Page ID, 47-71. Plaintiff alleges that she was a victim of racial discrimination, citing random, stray, isolated and disconnected incidents as proof of discrimination. Defendants-Appellants ultimately filed a Motion for Summary Judgment in the Trial Court. *See* **Dkt. No. 66**, Defendants' Motion for Summary Judgment, Page ID 3662-3703.

The Trial Court granted Defendants' Motion in part, and denied in part. *See* **Dkt. No. 98**, Order Granting in Part Defendants' Motion for Summary Judgment, Page ID 10172-10240. Defendants then filed a Motion for Reconsideration of the Opinion denying partial Summary Judgment. *See* **Dkt. No**. **100**, Defendant's Motion for Reconsideration of the Court's Order, Page ID 10245-10261. The Motion for Reconsideration was denied by the Trial Court. *See* **Dkt. No**. **102**, Order Denying for Reconsideration, Page ID 10264-10268.

---

[2] The Plaintiff-Appellee initially named about 10 individuals, most of whom have since dismissed from her Complaint.

### III. Law and Argument

In her Motion to Dismiss, the Plaintiff contends, without citing any precedent, that because the Defendants "never raised or even mentioned qualified immunity in their Motion for Reconsideration . . . this Court lacks jurisdiction to review" the Trial Court's Order on the Motion for Reconsideration.[3] Despite this incorrect assertion, Plaintiff-Appellee concedes that "[t]here is an exception for qualified immunity which may be treated as a final order under §1291."

Firstly, Plaintiff-Appellee is correct that, as to law enforcement agents such as Defendants-Appellees, qualified immunity changes the dynamics regarding when an appeal might be undertaken. The Order partially denying Defendants-Appellants' Motion for Summary Judgment was an appealable final order under 28 U.S.C. §1291. "An order denying a motion for summary judgment is generally not a final decision. But that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014) (internal citations omitted). The rationale for the foregoing is that "qualified immunity is immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

---

[3] The Plaintiff-Appellee's Motion to Dismiss, p. 5.

Secondly, the Plaintiff-Appellee's main argument appears to be that Defendants-Appellants did not argue qualified immunity in their Motion for Reconsideration.[4] In point of fact, Defendants-Appellants were not required to raise the issue of qualified immunity in their Motion for Reconsideration, when the issue was tackled in depth in their principal Motion for Summary Judgment. *See* **Dkt. No**. **66**, Defendants' Motion for Summary Judgment, Page ID, 3696-3699.  Not only was Defendants-Appellees' Motion for Reconsideration optional, but they could have elected to file an appeal immediately after their Motion for Summary Judgment was denied. The Appellants' Notice of Appeal cites both the Order on their Motion for Summary Judgment and the Order denying their Motion for Reconsideration, as the Orders being appealed. *See* **Dkt. No**. **110**, Notice of Appeal, Page ID 10620-10621.

Clearly at that point, the Trial Court and Defendants-Appellees had a fundamental disagreement on the application of qualified immunity. Defendants-Appellants could not have merely repeated their arguments about qualified immunity in their original brief, as a Motion for Reconsideration requires a "palpable defect," the correction of which would lead to a different disposition of the case.  *See Correia-Massalo v. Bed, Bath & Beyond, Inc.,* No. 08-14857, 2010 WL 11542094, at *1 (E.D. Mich. Nov. 15, 2010). *See also, Hansmann v. Fid. Invs. Institutional Servs. Co*., 326 F.3d 760, 767 6th Cir. 2003). *See* Local Rule 7.1(h)(1).

---

[4] The Plaintiff-Appellant's Motion to Dismiss, p. 5.

5

Thirdly, the Plaintiff-Appellee asserts that Defendant Lieutenant Lawrence Garner (also "Garner") is not entitled to qualified immunity because such a defense "does not present purely legal issues. Cases fitting that bill typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law."[5] It is noteworthy that the Plaintiff-Appellee in fact does not dispute Defendant Garner's position, to wit: that it was beneficial for all of the detectives to work in close proximity, in the same office, to facilitate the sharing of information and resources.[6] Nor does Plaintiff-Appellee deny Defendant Garner's position, as set forth in the Defendant's Motion for Summary Judgment, that because the Dispatch Center at the Precinct was being renovated, space was limited. The ascendant legal question becomes whether it was reasonable to place the Plaintiff in the same area as Johnson and others, under the circumstances described above.

Fourthly, as it relates to Defendant-Appellee Anwar Kahn, the Plaintiff-Appellee claim that it was "never argued or referenced why Khan is entitled to

---

[5] Plaintiff-Appellant's Motion to Dismiss, p. 7, citing *Ortiz v. Jordan,* 562 U.S. 180, 190 (2011).

[6] **Dkt. 66**, Defendants' Motion for Summary Judgment, Page ID 3698.

qualified immunity."[7] This position ignores the Defendant-Appellant's Motion for Summary Judgment which posited that:

> Plaintiff is suing Khan for sex discrimination, due to her subjective belief that he failed only female officers in the FTO program. But, she admitted to deficiencies in her job performance, including incorrectly drawing crash diagrams; completely failing to process an operating while intoxicated report with key pieces of evidence for the prosecution; difficulty working the LEIN system and WPD mapping system, as well as learning the orientation and geography of the City. She endangered both her life and Khan by not properly responding to a man brandishing his weapon She also contends that it was gender discrimination for Khan to say that America was better off before women started working in the 1940s and to ask her if she was engaged in a relationship with Nichols.
>
> **Undisputed defense**. Contrary to her "belief", Khan also failed James Twardesky and Frank Huron, both white males, at approximately the same time he recommended that Plaintiff be recycled at Step III of the FTO program. She never complained to anyone about Khan's alleged discrimination until she filed this lawsuit, years later. **Dkt. No. 66**, The Defendants-Appellants' Motion for Summary Judgment, Page ID 3675, filed 9/20/18.

Defendants-Appellants further asserted that they were entitled to qualified immunity relying on some of the facts above, most of which are not contested by the Plaintiff-Appellee. *See* **Dkt. No. 66**, Defendants' Motion for Summary Judgment, Page ID 3699. Defendant Kahn's conduct did not violate any clearly established law, and was objectively reasonable.

In claiming that the Defendant Kahn abandoned a defense of qualified

---

[7] Plaintiff-Appellee's Motion to Dismiss, p. 13.

immunity by not developing the argument further, Plaintiff-Appellant seeks to hold Defendants-Appellees to a standard she has not bothered to meet, herself. Nowhere in the Plaintiff-Appellant's Response to the Defendants' Motion for Summary Judgment did she advance this new argument regarding qualified immunity. Nor should she be permitted to do so now. Moreover, Plaintiff-Appellant fails to describe to this Court, the spatial constraints faced by Defendants-Appellants, who had in fact wanted to draft a longer Motion for Summary Judgment brief [8].

Fifthly, Plaintiff-Appellee, arbitrarily and without reason, posits that the instant appeal is frivolous. The Plaintiff-Appellee cites several cases, including *Yates v. Cleveland,* 941 F.2d 444, 448 (6th Cir. 1991) and *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989). Both of these cases stand for the proposition that an appeal premised upon qualified immunity may inure to the disadvantage of the plaintiff. Nowhere in Plaintiff-Appellee's Motion does she allude to any prejudice that she has suffered, or is suffering as a result of the instant appeal. Indeed, there is no such prejudice. Unlike the parties featured in the cases the Plaintiff-Appellee cites such

---

[8] Defendants-Appellees filed a Motion requesting that the Trial Court grant them permission to exceed the 25 page limit for the brief. Although the Defendants-Appellees requested an extension for their Motion for Summary Judgment of up to 50 pages, the Trial Court only partially granted their request by allowing them five more pages than permitted by the rules. *See* **Dkt. No. 63**, Ex-Parte Motion to Exceed Page Limitation for Defendants' Brief in Support of Motion for Summary Judgment, Page ID 3646-3652. See also, **Dkt. No. 64**, Order Granting Leave to File Briefs in Support Up to Thirty (30) Pages in Length, Page ID 3653-3655.

as *Yates, supra*, Defendants-Appellees are not currently embroiled in multiple appeals. Here, Plaintiff is represented by a prominent civil rights law firm, and should she prevail on appeal, will presumably proceed to a trial on the merits. It is unclear then, where the so called prejudice is coming from. Again, there is none.

In short, the Plaintiff's instant motion appears to be one aimed at short-circuiting the process, and forestalling this Court from considering a full briefing on the issues. Hence, the Plaintiff-Appellee seeks to achieve by a simple Motion, that which should be preserved for extensive briefing and oral hearing thereafter.

## IV. Conclusion

The Plaintiff-Appellee's Motion is no more than an attempt to dispose of the instant appeal without affording this Court a full view of the issues on appeal. For that reason, the Defendants-Appellants pray that the instant Motion be speedily dismissed.

>　s/Stanley I. Okoli
>　Cummings, McClorey, Davis & Acho, P.L.C.
>　Attorneys for Defendants
>　17436 College Parkway
>　Livonia, MI 48152
>　Ph: (734) 261-2400
>　Primary Email: sokoli@cmda-law.com
>　P73722

Dated: January 24, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020 I electronically filed the foregoing papers with the Clerk of the Court using the U.S. Court of Appeals CM/ECF electronic document filing system which will send notification of such filing to the attorneys of record:

Stanley Okoli
sokoli@cmda-law.com