No. 19-2460

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DESHEILA C. HOWLETT

Plaintiff-Appellee,

v.

CITY OF WARREN, LT. LAWRENCE GARNER,
SHAWN JOHNSON and ANWAR KHAN,

Defendants-Appellants.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Terrence G. Berg

**PLAINTIFF-APPELLEE DESHEILA C. HOWLETT'S
REPLY TO DEFENDANTS/APPELLANTS' RESPONSE
<u>TO MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION</u>**

_____/

| | |
|---|---|
| Mungo & Mungo at Law, PLLC | Cummings McClorey Davis & Acho PLC |
| Leonard Mungo (P43562) | Ronald Acho (P23913) |
| Attorneys for Appellee | James Acho (P62175) |
| 31700 Telegraph Road, Suite 250 | Attorneys for Appellants |
| Bingham Farms, Michigan 48025 | 17436 College Pkwy |
| (248) 792-7557 (Telephone) | Livonia, Michigan 48152 |
| (248) 792-7557 (Facsimile) | (734) 261-2400 (Telephone) |
| caseaction@mungoatlaw.com | (734) 261-4510 (Facsimile) |
| | racho@cmda-law.com |
| | jacho@cmda-law.com |
| | |
| | City of Warren, City Attorney |
| | Ethan Vinson (P26608) |
| | Co-Counsel for Appellants |
| | 1 City Square, Suite 400 |
| | Warren, MI 48093-5390 |
| | (586) 574-4671 (Telephone) |
| | (586) 574-4530 (Facsimile)) |
| | evinson@cityofwarren.org |

_____/

Plaintiff-Appellee DeSheila C. Howlett ("Appellee") through her attorneys, Mungo & Mungo at Law, PLLC, replies to Defendants/Appellants, City of Warren ("City"), Lt. Lawrence Garner ("Garner"), Shawn Johnson ("Johnson") and Anwar Khan's ("Khan") (collectively "Appellants") Response to Appellee's Motion to Dismiss Appeal for lack of jurisdiction:

Appellants' Response to Appellee's motion to dismiss this appeal for lack of jurisdiction is replete with inaccuracies, misstatements and misapplication of the law. The facts relevant to this appeal are simple. Appellants appeal the following

two trial court orders: (1) 12-16-2019 Order Denying Defendants' Motion for Reconsideration (12-16-19 Order Denying Reconsideration) and (2) 9-16-2019 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment "on ground of immunity of which reconsideration was sought". (9-16-19 Order Denying Qualified Immunity) (Notice of Appeal – RE 110, Page ID. 10620-10621). This Court lacks jurisdiction to hear Appellants' appeal.

### A.    The 12-16-19 Order Denying Motion for Reconsideration

Appellants' Notice of Appeal is deceptive and misleading. Appellants have misrepresented to this Court that they appeal from the 9-16-19 Order Denying Qualified Immunity "**of which reconsideration was sought**". (Notice of Appeal – RE 110 Page ID 10620-10621). This is false. Appellants never requested reconsideration of the denial of immunity. In their response to Appellee's motion to dismiss this appeal, Appellants admit that they did not file a motion for reconsideration regarding qualified immunity. (Response to Motion to Dismiss Appeal – RE 19 p. 5). Appellants' explanation for not doing so is that they had "a fundamental disagreement with the Trial Court on the application of qualified immunity" and could not make the requisite showing of a palpable defect. (Response to Motion to Dismiss Appeal – RE 19 p. 5).

Since Appellants did not request it, the Trial Court did not reconsider its 9-16-19 Order denying qualified immunity. Instead, the Trial Court ruled on the issue

3

presented in Appellant's Motion for Reconsideration, i.e. whether the Trial Court should reconsider Appellants' Motion for Summary Judgment as to Appellee's Title VII claim.  Specifically, Appellants' requested that the Trial Court reconsider: (1) the Trial Court's failure to address United States Supreme Court precedent requiring notice to the employer and (2) Appellee's failure to show that the discrimination was severe and pervasive enough to sufficiently affect her conditions of employment. The 12-16-19 Order Denying Motion for Reconsideration of Appellee's Title VII claim was not a final order from which Appellants could appeal.

Appellants acknowledge that they could have elected to file an appeal immediately after the denial of qualified immunity.  They did not.  The time to appeal the 9-16-19 Order denying qualified immunity, i.e. 30 days after entry of order, has long since passed. Fed. R. App. P. 4(a)(1).  Accordingly, this Court lacks jurisdiction to hear the appeal of the 12-16-19 Order denying reconsideration.

### B.    The 9-16-19 Order Denying Qualified Immunity

Appellants' appeal of the Trial Court's 9-16-19 Order denying summary judgment as to qualified immunity does not turn on or present a purely legal issue or an "abstract issue of law" such as whether the constitutional rights allegedly violated were clearly established. *Behrens v. Pelletier,* 516 U.S. 299, 313116 S. Ct. 834, 133 L. Ed. 2d 773 (1996).  Undoubtedly, a person's right to be free from discrimination by state officials based on race and/or sex is clearly established.  *See* 42 U.S.C. §

4

1983.  These rights were clearly established at the time Appellee was subjected to discrimination by various officials.

### 1.    Garner

Appellants' position appears to be that there are no issues of fact regarding Garner's entitlement to qualified immunity.  Appellants' argument that Appellee allegedly failed to dispute Garner's position that having the detectives work in the same office, sharing information and resources was beneficial and that space was limited due to renovations is irrelevant.  As the Trial Court noted, Appellee testified that she informed Garner that her problems with Johnson were ongoing and she did not want to be placed back in an office with him.  Appellants' story differs.

Appellants contend that Appellee had no problem moving closer to Johnson due to the renovations.  (9-16-19 Order – RE 98 Page ID 10223).  The Trial Court credited the factual assertions to the nonmoving party, Appellee, and determined that Appellee's factual assertions, if true, would have put Garner on notice that Appellee's constitutional rights were being infringed by Johnson.  Still Garner moved Appellee, over her expressed objection, back into an office with Johnson where he continued to harass her.

Appellants' assertion that the legal question is "whether it was reasonable to place the Plaintiff in the same area as Johnson and others, under the circumstances described above" is erroneous. (Response to Motion to Dismiss Appeal – RE 18

Page. 6).  The Trial Court properly considered "whether a reasonable official in Garner's position could have believed that placing Plaintiff in the same office space as Johnson following a sustained disciplinary action and expressly against her wishes – resulting in continued harassment by Johnson – was lawful, considering that clearly established right" to be free from discrimination based on race and/or sex. (9-16-19 Order – RE 98, Page ID 10223).

Given the significant factual disputes regarding Garner's actions, the Trial Court correctly determined that a genuine issue of material fact exists regarding whether Garner intentionally discriminated against Appellee.  Thus, the issue of qualified immunity as to Garner does not turn on an issue of law, but a question of fact.

### 2.    Khan

Again, Appellants' argument that Khan is entitled to qualified immunity is meritless.  The Trial Court determined that for purposes of Appellee's 42 U.S.C. § 1983 claim, it would consider Khan's conduct after April 21, 2014. (9-16-19 Order, Page ID 10215).  In their response to the current motion, Appellants cite irrelevant and inaccurate "facts" but do not address or reference Khan's actions after April 21, 2014, that are relevant to Appellee's § 1983 claim.

The Trial Court considered Khan's 2016 intentional and unwarranted traffic stop of Appellee while she was on a run to investigate a criminal sexual conduct

matter. (9-16-19 Order – RE 98, Page ID 10215 and Motion for Summary Judgment, RE 66-13 Page ID 4236, Khan Dep. P. 126).  Khan then unsuccessfully attempted to file a complaint against Appellee and appeared upset when Sergeant Eidt declined to file the complaint.  (Response to Motion for Summary Judgment – RE 70, Page ID 6908-6909).  Appellants did not address Khan's actions relating to the traffic stop in their Motion for Summary Judgment or argue why Khan was entitled to qualified immunity for his conduct.

It is noteworthy that Appellants did not reference Khan's unwarranted traffic stop of Appellee in their response to the current motion either.  This is the very issue the Trial Court considered in denying their motion. (9-16-19 Order – RE 98, Page ID 10215-10216).  Citing *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) which provides "[i]ssues averted to in a perfunctory manner, unaccompanied by some effort of developed argumentation, **are deemed waived**", the Trial Court noted that Appellants sought summary judgment on Appellee's § 1983 claim, yet never addressed the relevant conduct. (9-16-19 Order – RE 98 Page ID 10216).  The Trial Court properly concluded that Khan is not entitled to qualified immunity. (9-16-19 Order – RE 98 Page ID 10216).

Appellants' do not assert or argue that Shawn Johnson, the remaining individual defendant, is entitled to qualified immunity.  This is appropriate because Shawn Johnson is not entitled to qualified immunity either.  An appeal regarding

immunity as to Shawn Johnson would not turn on an issue of law but would present genuine issues of fact also.

Appellants erroneously assert that Appellee is attempting to advance a new argument that Appellants qualified immunity defense was abandoned and is therefore waived. Contrary to Appellants assertions, Appellee addressed the Trial Court's analysis and conclusions contained in the 9-16-19 Order that Appellants now appeal. It is also noteworthy that Appellants have not disputed the Trial Court's determination that they failed to address the Khan's relevant conduct, or that their immunity argument was abandoned.

Appellants bemoan the "spatial constraints" they allegedly faced in preparing their brief, and the Trial Court's partial grant of their request to exceed the 25-page limit by 5 pages. Thirty pages were more than adequate to address Appellee's claims.

Finally, as discussed above, Appellants' appeal is completely without merit. Like many of Appellants' previous unsuccessful motions, this appeal was filed solely to delay and harass Appellee.[1] Due to Appellants' dilatory conduct, this case

---

[1] Appellants have filed many baseless motions that were denied by the Trial Court. Including the following:
Motion to Quash Subpoenas and Deposition Notices   RE 34, Page ID 1023-1052;
Motion *in limine* to Exclude Affidavit and Deposition Testimony of Greg Murray – RE 35 Page ID 1053-1077;
Motion for Change of Venue and Injunctive Relief – RE 37 Page ID 1230-1254;
Motion for Protective Order to Quash Subpoena directed to Non-Party – RE 57, Page ID 3431 – 3491;
Motion for Sanctions, Costs and Attorneys' Fees – RE 68, Page ID 5906 – 6069;
Motion to Refer Matter to Magistrate or Appoint a Special Master – RE 87, Page ID 9799 – 9839;
Motion for Leave to File Supplement to Motion for Sanctions, Costs and Fees, RE 90 Page ID 9895-9901;
*See* also Order Denying Motion for Sanctions, Motion to Refer Matter to Magistrate or Appoint Special Master and Motion for Leave to file Supplement to Motion for Sanctions – RE 94, Page ID 10087 – 10098;

is almost three years old and among other things has created a cost challenge for Appellee.

The Trial Court's 12-16-19 Order Denying Reconsideration does not address qualified immunity or any other appealable issue. Indeed, Appellants admit they did not request reconsideration of the Trial Court's denial of immunity because there was no palpable defect. There is no clearer example of a palpable defect than to deny qualified immunity when it is appropriate.

Further, the qualified immunity disputes in this case do not present "purely legal" issues or concern "abstract issues of law". Rather, there are disputed factual issues that are relevant to resolving the qualified immunity issue. Additionally, Appellants never addressed Khan's relevant conduct of making an unwarranted traffic stop of Appellee while she was on a police-run. Appellants never argued why Khan is entitled to qualified immunity for his conduct. Consequently, that argument should be deemed abandoned. Ultimately, the Trial Court correctly concluded that Khan is not entitled to qualified immunity.

---

Order Denying Motion for Protective Order to Quash Subpoena and Denying Oral Motion to Continue Deposition wherein the Trial Court admonished defense counsel not to misstate rulings of the court.– RE 65 Page ID 3656 – 3661;
Order Granting Plaintiff's Motion to Compel, Denying Defendant's Motion to Quash Subpoenas and Notices of Depositions; Denying Defendants' Motion In *Limine* to Exclude Affidavit and Deposition Testimony of Greg Murray, and Denying Defendants' Motion for Change of Venue and Injunctive Relief.

## CONCLUSION

Appellants have no bases to appeal from the Trial Court's 12-16-19 Order denying reconsideration of unappealable issues related to Appellee's Title VII claim. The appeal from the 9-16-19 Order denying summary judgment as to qualified immunity presents significant factual issues that are relevant and critical to the determination of Khan and Garner's entitlement to qualified immunity.  In short, this Court lacks jurisdiction to hear this appeal and should dismiss this appeal.

Respectfully submitted,

MUNGO & MUNGO AT LAW, PLLC


/s/ Leonard Mungo
Leonard Mungo (P43562)
Attorney for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557/(248) 792-7303 (fax)
Date: January 31, 2019           caseaction@mungoatlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2020, I electronically filed the above document with the Clerk of the Court using the courts electronic filing system, which will provide electronic copies to counsel of record.

/s/ Leonard Mungo
Leonard Mungo (P43562)
**THE MUNGO LAW FIRM, PLC**
Attorney for Plaintiff
31700 Telegraph Rd., Suite 250
Bingham Farms, MI 48025
(248) 792-7557/(248) 792-7303 (fax)
caseaction@mungoatlaw.com