No. 19-2460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 20, 2020
DEBORAH S. HUNT, Clerk

DESHEILA HOWLETT, )
             )
    Plaintiff-Appellee, )
             )
v. )    O R D E R
             )
CITY OF WARREN, MI, et al., )
             )
    Defendants-Appellants. )

Before: ROGERS, NALBANDIAN, and MURPHY, Circuit Judges.

The City of Warren, Michigan, and Warren police officers Lawrence Gardner, Shawn Johnson, and Anwar Khan (collectively, "defendants"), appeal the district court's interlocutory order denying reconsideration of its denial, in part, on their motions for summary judgment based on qualified immunity in this civil rights action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff DeSheila Howlett moves to dismiss the appeal for lack of jurisdiction. Defendants respond in opposition, and Howlett replies.

In a civil rights action, the "doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A defendant's claim to qualified immunity should be denied when: (1) the facts, viewed in a light

most favorable to the plaintiff, allege a constitutional violation; and (2) the constitutional right in question was so "clearly established" that the defendant should have known his or her actions violated the plaintiff's constitutional right. *Id.* at 231–32. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). A defendant may not, however, pursue an interlocutory appeal when the district court's denial turns on a genuine issue of material fact. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). Cases subject to an interlocutory appeal "typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)).

Whether an appeal presents a reviewable legal dispute, as opposed to a non-reviewable factual dispute, is not always readily apparent. "[W]hich side of the fact-law line an individual case falls on may become clear only after the parties have fully briefed the case . . . ." *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998). "[I]n all but the clearest circumstances, normally the safest course would be for the parties to address the jurisdictional issues along with the merits in their briefs and for this Court to postpone a final decision on jurisdiction until the case is argued." *Id.* at 564. Although briefing has been held in abeyance pending the disposition of the instant motion, the parties' filings below establish that defendants dispute Howlett's version of the facts. Such factual disputes alone, however, may not divest us of jurisdiction if defendants also argue that a constitutional violation did not occur or that, if a violation did occur, their actions did not infringe upon a clearly established right. *See Pearson*, 555 U.S. at 231–32. The latter issues are legal ones over which we have jurisdiction. *See Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014).

No. 19-2460
-3-

Because the factual-legal issue governing jurisdiction is a close call, permitting the merits panel to consider the issue after completion of briefing is the most prudent course of action. The merits panel is also better situated to consider Howlett's claim that defendants forfeited the defense of qualified immunity by failing to argue this issue in their motion for reconsideration. *Cf. GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999).

    The motion to dismiss is **REFERRED** to the merits panel.

                              ENTERED BY ORDER OF THE COURT

                              Deborah S. Hunt, Clerk